

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

> Opinion No. O-1848
> Re: Construction of Subsection (a) of Section 10, Article 2, of the Texas Liquor Control Act, in the following particulars: (1) Construction of the phrase "food and other commodities for human consumption". (2) Whether or not the provision "food and other commodities for human consumption sold by such licensee during such hours", restricts the consumption thereof on the premises where sold?

Your letter of recent date, requesting the opinion of this department relative to the above matters, has been received.

Subsection (a) of Section 10, Article 2, of the Texas Liquor Control Act, as pertinent hereto, reads:

"It shall be unlawful for any person to sell beer or offer same for sale between the hours of 12:00 o'clock midnight and 7:00 a.m. of any day or from and after 12:00 o'clock midnight Saturday until 7:00 a.m. Monday of the following week; provided, however, that any holder of a Retail Dealer's License or a Wine and Beer Retailer's Permit shall, upon showing to the satisfaction of the County Judge that he is engaged also in the sale of <u>food and other commodities for human consumption,</u> and that the sale of beverages for which a license is required does not during such prohibited hours normally in the course of any

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bert Ford, page 2

one week's time amount in dollars and cents to
more than the sale value of <u>food and other com-
modities for human consumption sold by such li-
censee during such hours,</u> be entitled without
being required to pay any fee therefor, to a
supplementary license authorizing him to sell
such beverages during any hour of any day. * * * "
(Underscoring ours).

After careful research, we are unable to find
any cases in Texas, or outside of Texas, construing the
phrase "food and other commodities for human consumption"
as to what commodities are included within these terms.

It is our opinion that the construction given to
this phrase by the Liquor Control Board, according to
your letter, is correct; namely, that the phrase includes
only those commodities which are taken into the human
system for internal consumption. This construction
would, of course, exclude such commodities as cigars,
cigarettes, tobacco, chewing gum, etc., mentioned by you.

As to your second question, it will be observed
from a reading of the statute, that there are no words
or terms employed in the statute which in anywise re-
strict the quoted provision to mean the consumption of
such commodities on the premises where sold. There is
no ambiguity or uncertainty in the statute; it is sus-
ceptible of but one construction in this particular.

Further, the term "consumption" does not require
an immediate destruction. In the case of STATE v. PIONEER
OIL and REFINING CO., by the Commission of Appeals of
Texas, 292 S. W. 869, 872, the Court construed a statute
imposing a tax on gasoline sold "for consumption within
this State". In its opinion, the Court said:

"But the term, 'consume' or 'consumption',
does not always imply an immediate destruction
or 'eating up'; it may as well, and often does,
contemplate the ultimate use to which all inter-
mediate ones lead."

Again, in the case of HARKEY v. STATE OF TEXAS,
254 S.W. 221, by the Court of Criminal Appeals of Texas,

Hon. Bert Ford, page 3

we find this statement:

"We also think it too restrictive to require that what is meant by the term 'food' be some article in a then condition for immediate human consumption without further process."

You are, therefore, respectfully advised that it is the opinion of this department that it is not required under the provision of the Texas Liquor Control Act, above quoted, that the food and other commodities sold by the licensee shall be consumed on the premises where sold.

We trust this answers your inquiries satisfactorily, and we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

By *Zollie C. Steakley*

Zollie C. Steakley

ZCS:ob

APPROVED NOV 21, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY B...